Northwestern Ben. and Mut. Aid Asso. of Illinois v. Wanner.

and, as such, the note was taken in his name and neither he, nor his assignee with notice, can have a better right than the principal.

The third special plea fails to aver notice to the appellee of the existence of the outside agreement. All the other pleas are also bad as pleas of fraud and circumvention. The fraud and circumvention charged in them simply goes to the consideration and not to the execution of the notes.

The averments in the pleas simply show that the appellant knowingly executed the note, but that he did so because he believed in the promises and inducements held out to him by Fox, of great gain to accrue to him by entering into the bargain and the raising of the oats, and may be in one plea he did not fully understand the legal effect of the note and agreement signed separately as they were. An innocent purchaser of a promissory note is not to be affected in his rights by any such consideration as this. In order to be good such plea should show that by some trick or device the signature of the note was procured when in fact the maker supposed he was signing something else, not a note. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

---

THE NORTHWESTERN BENEVOLENT AND MUTUAL AID ASSOCIATION OF ILLINOIS

v.

BARBARA WANNER.

<table>
<tr><td>24</td><td>357</td></tr>
<tr><td>42</td><td>101</td></tr>
<tr><td>24</td><td>357</td></tr>
<tr><td>72</td><td>474</td></tr>
<tr><td>73</td><td>338</td></tr>
<tr><td>24</td><td>357</td></tr>
<tr><td>81</td><td>567</td></tr>
<tr><td>24</td><td>357</td></tr>
<tr><td>87</td><td>324</td></tr>
<tr><td>24</td><td>357</td></tr>
<tr><td>109</td><td>¹349</td></tr>
</table>

*Life Insurance—Mutual Benefit Association—Certificate, not Affected by Subsequent By-Law—Suicide—Action of Covenant—Sufficiency of Declaration.*

1. The contract of insurance between a mutual benefit association and one of its members will be as fully protected as if made with a stranger. The association can not, without the assent of such member, impose any new condition affecting the contract to his injury. It can not, by subsequent by-law, forfeit any of his rights under the contract.

2.   In the case presented, it is *held:*  That the certificate in question was not affected by a subsequent by-law exempting the defendant from liability in cases of suicide; that an action in covenant will lie on the policy; and that the declaration is sufficient.

[Opinion filed December 9, 1887.]

·APPEAL from the Circuit Court of Peoria County; the Hon. S. S. PAGE, Judge, presiding.

The appellant was duly organized under an act of the Legislature of the State of Illinois, entitled "An Act for the Organization and Management of Corporations, etc., for Indemnity to Members thereof."   Approved June 18, 1883.   The organization of the appellant took place April 29, 1884. This action brought by the appellee was in *covenant*, and was based on a second grade certificate, set out in the declaration, in substance, as follows:   "This certificate, issued by appellant, witnesseth, that Joseph Wanner is entitled to all the rights and privileges of and in the Northwestern Benevolent and Mutual Aid Association of Illinois, and to participate in the beneficiary or relief fund of the association to the amount of $2,500, which sum, or such part thereof as may be collected as specified in the constitution and by-laws of the association, shall, within sixty days after proofs of death, be paid to his wife, Barbara Wanner."   The certificate is issued upon the condition that the said Joseph Wanner shall comply with the constitution and by-laws of the association, and that the statements in the application for this certificate are true.   On the back of the certificate was indorsed the constitution and by-laws of the association.   The declaration averred, in legal phraseology, in substance, as follows:   That Joseph Wanner, named in the certificate, was the husband of appellee, named therein; that said Joseph Wanner died at Peoria, about the 23d day of March, 1886, of which death the appellant then and there had notice.   And appellee averred that, in accordance with by-law No. 3, on the reverse side of certificate, deed or policy, the membership in said association was divided into four grades, as follows: membership, between the ages of six-

teen and thirty, grade one; between the ages of thirty and forty, grade two; between forty and fifty, grade three; between fifty and sixty, grade four; and that members were entitled to certificates of membership in the following order; grade one, certificates of $3,000; grade two, certificates of $2,500; grade three, certificates of $2,000; and grade four, certificates of $1,500. And the amount of any of the above certificates shall be paid in full, according to the terms of said certificate, and provided the relief fund shall be sufficient to make such payment. If the said relief fund is not sufficient to make payment in full, an amount shall be paid on the certificate equal to the amount collected on the assessment made on such certificate, less the cost of collection and disbursement, as specified in section 7 in the by-laws of appellant association.

And the appellee averred that the assessment provided for by the by-laws of said association for said grade to class " A " to which, by the terms of the said certificate, the said Joseph Wanner belonged, to be collected by appellant, to pay said loss on said certificate to the appellee, would amount to more than the said full sum of $2,500, in addition to all the costs and charges for collection, disbursements, or otherwise, under the rules of the said association. The declaration avers, that though it was the duty of appellant to collect said sum and pay it to appellee, or pay over any money in the treasury, etc., yet, although the said Joseph Wanner in his lifetime, and appellee, his wife, and others named in the certificate, have kept and performed all things in the said certificate contained to be performed, the appellant, though often requested, has not paid the appellee the said $2,500, or any part thereof, but refuses so to do, etc., closing with demanding $5,000 damages.

The appellant filed its plea to the declaration, in which it set up that the certificate was issued to Joseph Wanner, on the condition that he should comply with the constitution and by-laws of the association; and the appellant further averred that at the time of issuing the certificate it had full power to ordain and establish by-laws for its government, and to alter and

amend the same at its pleasure, and it further averred in said plea that on January 2, 1885, it duly adopted and passed a by-law in which it was provided as follows: " Sec. 17. Death executed by the hand, act or procurement of the member, whether voluntary or involuntary, sane or insane at the time, is a risk not assumed by the association," of the adoption of which said by-law the said Joseph Wanner had notice and acquiesced therein from thence to the time of his death. The plea then recites the by-law in force at the time the certificate was given in regard to the collection of the assessments, and it has no other means except as collected by assessments; and avers that six members of appellant committed suicide, and Wanner was benefited by not having to pay their certificates. And appellant then averred that the said Joseph Wanner did on the 25th of March, 1886, etc., commit suicide, and that his death occurred by his own hand, act and procurement, by means whereof the certificate sued on was null and void, and appellant not liable to pay the same or any part thereof. And another plea that, by immoral practices, Joseph Wanner did impair his health, to wit: commit suicide, etc.

The appellee demurred to the said two pleas, and the court sustained the demurrer thereto to each of said pleas, and the appellant abiding its pleas, the court gave judgment against appellant for $2,450 and costs, from which judgment this appeal is taken, and the sustaining of the demurrer to said pleas and rendering of the said judgment is assigned for error, as well as not carrying the demurrer back to the declaration and sustaining it to the declaration.

Mr. LAWRENCE HARMON, for appellant.

Mr. M. N. GISH, for appellee.

LACEY, J.  We are of the opinion that the pleas are not good and that the court below did not err in sustaining a demurrer to them.  It appears at the time Joseph Wanner took the certificate of insurance, there was no such by-laws as was afterward passed and numbered 17, and it is, there-

fore, no bar to the recovery of appellee if the insured should die by his own hand, act or procurement, sane or insane. But it is contended by counsel for appellant that Joseph Wanner was a member of the society as well as a contractor for insurance or benefit, and that by his certificate he took it on the condition that he should comply with the constitution and by-laws of the association, and the appellant having the power to make by-laws, might make and change them so as to make the contract of insurance contain important conditions and limitations touching appellant's liability it did not contain before. We can not agree with this view of the law; undoubtedly the appellant might change its by-laws and even pass No. 17 but it could not do so in a manner to give the subsequent by-law a retroactive effect as to contracts and obligations entered in before that time, unless it could be clearly seen that such power was reserved. Nothing of the kind appears in the certificate in question. Joseph Wanner, according to the certificate, must comply with the by-laws, but what by-laws? Evidently the by-laws then in existence, but none to be passed affecting the vital principles of his contract.

It might well be that he would be bound by any by law subsequently passed that only referred to mere regulations not changing his contract in substance. It is the general policy of all our constitutions and laws, that no law shall be passed invalidating a contract existing at the time of its passage.

All implications are also indulged in against any subsequently passed law without express provision being even intended to refer to existing contracts. By-law No. 17 provides that, "death occurring by the hand, act or procurement of the member, whether voluntary or involuntary, sane or insane at the time, is not assumed by this association;" but this by-law does not, except by mere implication, refer to the holders of certificates already issued. We ought not to construe this language so as to refer back and affect certificates then existing, but rather so as to affect those issued thereafter. The words "not assumed by this association" should be construed to read "will not be hereafter." Thus construed the by-law would not cover the case of the certificate here involved. The fact that James

Wanner had notice of its passage could not enlarge its meaning.

We can not distinguish the appellant from any other mutual insurance company. In all mutual insurance the shareholder participates in the benefits and profits, and is a recognized member of the company. Joseph Wanner had no more favorable position than this in the appellant company. The contract of insurance between a member of a mutual insurance company and the company has always been held to be as binding as though made with a stranger, with no more right to change it on the part of the insurer without the consent of the insured. In such contract the assured is acting for himself and in no part as the representative of the company. In Insurance Co. v. Connor, 17 Pa. St. (5 Harris) 136, it is said: "A corporator in a mutual insurance company, like a stranger, may enter in a contract of insurance with it and his rights under the contract will be as fully protected as those of a stranger. The remedies existing at the time of the contract for enforcing it against him, are all that can be resorted to. The company has no right without his assent to impose any new conditions, affecting the contract to his injury, or by a by-law passed after the making of the contract forfeit his rights under it." "The rights of a party insured stands entirely free from such control." See also Middlesex Turnpike Co. v. Swan, 10 Mass. 384; Protection L. Ins. Co. v. Foote, 79 Ill. 361.

As to the other averment we need only remark that the fact that Joseph Wanner stayed in the company and was not called on for any assessments for the representatives of those who died by their own hand, would not invalidate his contract or change it. Those who died might have been holders of certificates issued subsequently to the passage of by-law No. 17; nor could it make any difference in any event.

As to the other plea, we need only remark that the impairment of Joseph Wanner's health by act of suicide is not one of the immoral practices within the meaning of the certificate covenanted against by the assured.

Another point is made that the demurrer should have been carried back and sustained to the declaration. We do not

think this point is well taken.   It was the duty of the appellant to proceed to collect these assessments upon receipt of the notice of the death of the holder of the certificate and pay the amount collected over within sixty days to appellee.

This the declaration avers it utterly refused to do, or to even try to collect any of the money, or to ascertain, by giving notice, how much could be collected.   It appears that appellant denies all liability.   Its covenants were broken in every particular.

But, it is said, suit in covenant could not be maintained for the reason that it can not be known whether $2,500 could be collected out of its members besides the costs attending the collection and paying over the money to appellee.   But the declaration shows that the assessment provided for by the by-laws and rules of the said association would more than make up the above amounts.   We think that the presumption is, that enough would have been paid to satisfy in full the appellee's claim as against appellant, who utterly refused to make any effort.   Again, every day's delay might endanger and lessen the amount that could be collected, if prompt action were had.   We think the declaration is sufficient and that an action in covenant will lie.   It might remain to the defendant to plead and show that the amount that could be collected under the certificate and by-laws would not amount to the sum of $2,450.   This they utterly refused to do, but stood by the pleas in question.   There are some decisions to the contrary, but we can not hold otherwise than that covenant will lie on this certificate under the facts as averred.   For an interesting opinion see one delivered by the late United States District Judge, S. H. Great, in Lueder's Exrs. v. Hartford Life and Annuity Co., 12 Fed. Rep. 71.

The case of Covenant Mut. B. Ass'n of Illinois v. Sears, 114 Ill. 108, is not in conflict.   It was there simply held that a court of equity had jurisdiction, not that a court of law would not have.   The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*