## National Accident Society of the City of New York
### v.
## Elizabeth Taylor.

*Accident Insurance—Drowning—Occupations—Classification of.*

1. A person driving a post by means of an axe or sledge is not engaged

98      Appellate Courts of Illinois.

Vol. 42.]   Nat. Accident Society of City of New York v. Taylor.

in the occupation of a pile driver, either in the capacity of pile driver or employe.

2.   A land owner building a bridge upon his farm can not be said to have changed his occupation from that of a farmer to that of a bridge builder.

3.   The term "supervising farmer," in the classification of risks of an insurance company, covers a person who employs farm laborers and does but little work himself.

4.   No objection being made to proofs of death, they should be held to be of the character required by the company, and the fact that the company does not admit a liability, does not affect the sufficiency of the proofs.

[Opinion filed December 7, 1891.]

In error to the Circuit Court of Peoria County; the Hon. S. S. Page, Judge, presiding.

Mr. James H. Sedgwick, for plaintiff in error.

In his application for membership in defendant society, Taylor said: "My occupation is that of a farmer. The duties required of me are described fully. I have the supervision of my farm only."

This statement was a warranty, made so by the third condition of the certificate, and by the application itself.

Where an application is made part of the insurance, and the statements therein warranties, it is wholly unimportant whether they are material to the risk. If false, the company is protected by the breach of such express warranty, from a recovery on the policy by the insured. Thomas v. Fame Ins. Co., 108 Ill. 92; Fame Ins. Co. v. Thomas, 10 Ill. App. 546; citing May on Insurance, Sec. 206.

If the representations made in the application are untrue, then there is a breach of the warranty implied in every application for insurance, and the policy is void. Grange Mill Co. v. Western Ins. Co., 118 Ill. 396, 402; Lycoming Fire Ins. Co. v. Rubin, 79 Ill. 402.

The presumption is, that the party signing the application knew and indorsed its contents. Hartford Life Ins. Co. v. Gray, 80 Ill. 28, 31.

The insured is held to his express warranty, even though the agent of the insurer knew it to be false. Pottsville Mut-

ual Fire Ins. Co. v. Fromm, 100 Pa. St. 347; Ridge v. Scottish Com'l Ins. Co., 9 Lea, 507.

Notice to an agent who has no power to vary the terms of the application, can not vary the risk. Cedar Rapids Ins. Co. v. Shimp, 16 Ill. App. 256, 257.

In this case, French, who took Taylor's application, was doing a general insurance brokerage business, and was not an authorized agent of the society. Kings Co. Fire Ins. Co. v. Swigert, 11 Ill. App. 590.

Mr. Taylor also says in his application: " I agree that, for any injury sustained while doing any act or thing pertaining to any occupation or exposure classed by the society as more hazardous than those above stated " (that is, than a farmer having the supervision of his farm only), " I, or my beneficiary shall be entitled to recover only such amount as the society pays for such increased hazards."

This, too, was a warranty. The parties to an insurance contract may warrant as to the future. Cedar Rapids Ins. Co. v. Shimp, 16 Ill. App. 256, 257, and cases cited.

Messrs. JACK & TICHENOR, for defendant in error.

The evidence in this case fails to show any departure from the occupation under which Mr. Taylor was insured. The witnesses called by plaintiff in error all stated that, in looking after the necessary repairs in and about his farm, the deceased was in the line of his duty in the supervision of his farm. Several of them so stated with special reference to necessary repairs to the bridge over the creek. He would certainly be regarded a poor supervisor of a farm who would lie by and see his bridge destroyed for want of a support "somewhat larger than a common fence post, and twelve feet long," which he could readily carry to the bridge, and with an axe drive into the ground above the bridge and prevent damage. Such was the character of the "pile," and such was the extent of the occupation of a " pile driver " in which Mr. Taylor was engaged when the accident occurred. Every practical witness testifies that in this act he was in the line of his duty as supervisor, and plaintiff in error having called the witnesses, should be bound by their testimony.

100     APPELLATE COURTS OF ILLINOIS.

Vol. 42.]     Nat. Accident Society of City of New York v. Taylor.

CARTWRIGHT, J.   On the 29th day of August, 1887, plaintiff in error issued its certificate to Isaac D. Taylor upon application signed by him, and thereby, in consideration of a membership fee of $5 and quarter annual payments of $3 each, to be paid during the continuance of the certificate, insured him against injury received through external, violent and accidental means in the sum of $3,000, to be paid in case of his death from such injuries to his wife, the defendant in error, upon proof of his death from such injuries.

On the 21st day of September, 1887, the insured was engaged in repairing a private bridge on his farm over Kickapoo creek, by driving posts somewhat larger than common fence posts, and eleven or twelve feet long, in the bed of the creek by means of an axe and sledge, and while so engaged met with his death by accidental drowning.   Proof of death and the cause was furnished, and no objection was made to the form or sufficiency of such proof, but plaintiff in error refused to pay the full amount named in the certificate on the ground that the insured at the time of his death, was engaged in an extra hazardous occupation, and offered to pay $250, which was claimed to be the amount payable upon the death of a "pile driver." Suit was instituted and the case was tried without a jury resulting in a finding and judgment for $3,360.   Numerous errors are assigned, but they may be all resolved into these propositions: that no suit could be maintained until after a specific demand for the levy of an assessment and upon proof that such levy would yield the required amount; that no suit could be maintained unless the proofs furnished are satisfactory to the insurance company, which is not the fact; that the statements of the insured as to his occupation and freedom from disorder of the brain were untrue, and that if there is any liability it is only for the amount payable in the occupation of pile driving.

The undertaking of plaintiff in error contained in this certificate is to pay $3,000, not to make an assessment.   It agreed to pay that amount within ninety days after satisfactory proof without limitation or condition as to amount, except that it was conditioned in accordance with a statute of New York upon its being realized from assessments of members.

The only assessments of the company appear to be payable quarterly without reference to deaths.

The contract makes no provision for assessments upon a death occurring. If there was a method of making assessments to enable the company to meet its obligation to pay the money it should have proceeded to do so. If there was anything which would excuse the company from payment under the condition, it was matter of defense to be pleaded and proven by it.

Our statute requires as a condition of a company of this kind doing business in this State, that it shall appear by its sworn statement that an ordinary assessment upon its members is sufficient to pay its maximum certificates of membership to the full limit named therein, and the presumption would be that such assessment, if that be the method of payment, would be sufficient to realize the required amount. Defendant in error was entitled to recover the full amount in case of the death of her husband unless the amount was reduced by a showing of facts excusing payment in full. Union Mutual Accident Association v. Frohard, 134 Ill. 228; N. W. Ben. Mut. Aid Asso. of Ill. v. Wanner, 24 Ill. App. 357.

The certificate required that proof should be furnished of the death with particulars of the accident and injury. Proofs were furnished to which no objection was made, and they were deemed satisfactory to the extent of $250.

No objection being made, the proofs will be held to be of the character required by the company, and the fact that the company does not admit a liability does not affect the sufficiency of the proofs.

In the application of Taylor he stated that his occupation was that of a farmer and his duties were the supervision of his farm only, and that he never had and was not subject to fits, disorders of the brain, or any mental or bodily infirmity which would thereby render him liable to personal injuries. It appears from the evidence that he did not till the soil, or sow, plant, cultivate or harvest crops, all of which he hired done under his direction. He had the management and superintendence of his farm and his time was largely em-

ployed in doing chores and making necessary repairs to keep the farm in order.

There were two houses, a barn, outbuildings and fences on the farm as well as the bridge in question.

He did odd jobs about the place such as were necessary for comfort or convenience. He salted cattle, fed stock, mowed out fence corners, fixed up gates, fences, and buildings, when out of repair and superintended the farm. It is contended that supervision of a farm means overseeing, inspection and direction merely without any personal action or manual labor, and that his statement was therefore false.

There is evidence that the company in its classification of risks had a class called supervising farmers or farmers having supervision of farms only, and its president testifies that by its rule that class must do no manual labor. However the company may have understood the term, there is practically no such class in this State to whom it could be applied with that definition annexed, and we think that the supervision of a farm includes in its care and oversight the doing of such incidental things as may be required for keeping it in order and does not mean absolute idleness as far as physical labor is concerned. The claim that Taylor's statement of freedom from disorder of the brain was untrue is not sustained by the evidence.

The certificate provided that if the insured should be killed while engaged temporarily or otherwise in any occupation classed by the company as more hazardous than the occupation under which the certificate was issued, the beneficiary should only be entitled to the amount payable in the more hazardous class.

There was an occupation designated as "pile driver—employe," classed as more hazardous than that of supervising farmer, and in which the amount payable upon death was $250. A pile driver is a machine for driving piles by raising, by means of power applied to the machinery, a heavy weight and dropping it upon the pile. It is manifest that one who drives a post by means of an axe or sledge is not engaged in the occupation of a pile driver, either in the capacity of

pile driver or employe. Besides, there was no change of occupation or business on account of this act of repairing the bridge. He had not gone into the bridge business. In Union Mutual Accident Association v. Frohard, 134 Ill. 228, it is said that "the word occupation * * * must be held to have reference to the vocation, profession, trade or calling which the assured is engaged in for hire, or for profit, and not as precluding him from the performance of acts and duties which are simply incidents connected with the daily life of men in any or all occupations."

Plaintiff in error puts the same construction upon the term in its manual furnished to its agents.

The action of the court in passing upon the numerous propositions of law submitted to it was in harmony with the views herein expressed, and they need not be noticed in detail.

The judgment will be affirmed.

*Judgment affirmed.*