# Grand Legion of Illinois, Select Knights of America, v. Lena Beaty.

## Gen. No. 11,468.

1. SUICIDE—*when, will not defeat recovery upon benefit certificate.* Where the certificate is not issued subject to a provision that suicide by the member shall work its forfeiture, suicide while sane will not defeat a recovery where the indemnity is made payable to some one other than the insured or his personal representative.

2. ASSESSMENT—*when failure to pay, will not defeat recovery upon benefit certificate.* Where at the time of the death of a member an assessment is due and payable, a recovery by the beneficiary will not be defeated where it appears that the by-laws of the society provided for certain days of grace which at the time of such death had not elapsed.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed January 20, 1905.

MILLARD R. POWERS, for appellant.

WALTHER & LANAGHEN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment in a suit brought to recover upon a benefit certificate issued by appellant.

Two pleas were filed by appellant. One averred that appellee's husband, while in sound mind, wilfully and fraudulently intending thereby to defraud appellant for the benefit of appellee, took his own life. The other plea alleged that deceased did not pay an assessment levied and payable about two months prior to his death, and that by the terms of the benefit certificate and the by-laws in force, deceased stood suspended from membership, and from all rights and benefits as a member at the time of his death; and that by reason of such non-payment and suspension, all rights and interests of appellee were wholly lost. A general demurrer was filed to the pleas and sustained by the court. Appellant elected to stand by its pleas, default was entered and evidence was heard on behalf of appellee, and judgment was entered.

We think the demurrer to the plea of self-destruction was properly sustained. The question raised by the plea has been before the Appellate Courts of this state in Northwestern Ben. & Mut. Aid Assn. v. Wanner, 24 Ill. App. 357; and Supreme Lodge K. of P. v. Kutscher, 72 Ill. App. 462. In the Kutscher case, *supra*, the certificate sued on was substantially the same as the one sued on in this case, and the same defense was set up to the action. The court (on page 474) says: "As to the first question above stated, we think the law is, that where a policy contains no provision making suicide or self-destruction by the assured a forfeiture of the policy, and makes the indemnity under it payable to some one other than the assured, or his personal representative, then intentional self-destruction by the assured, while he is sane, does not avoid the policy. But, where such a policy is by its terms payable to the assured, or his personal representatives, then intentional

self-destruction, while sane, will avoid the policy.    North-
western Benevolent & Mutual Aid Ass'n v. Wanner, 24 Ill.
App. 357."

"The reason why the estate of a sane man, who takes
his life intentionally, cannot recover, is, that to so permit
would enable a man by his own wrongful act to have his
estate make a profit thereby."

The same question has been before the Supreme Courts
of Wisconsin and Iowa, and the rule, as above stated, is
laid down by those courts.    Patterson v. Natural Prem.
Mut. L. Ins. Co., 100 Wis. 118; Seiler v. Life Ass'n, 105
Ia. 87.

It is claimed, however, that under the authority of Rit-
ter v. Ins. Co., 169 U. S. 139, the plea set up a good de-
fense.    In that case the policies were in favor of the estate
of the assured, and therefore a different question was pre-
sented.    In Royal Circle v. Achterrath, 204 Ill. 565, it was
held: "The act of suicide marks a forfeiture of the cer-
tificate, not because the member is thereby deprived of his
good standing in the order at the time of his death, but
because, aside from all questions of good standing, it is
especially provided that suicide in and of itself shall defeat
a recovery."

We think, therefore, that it is immaterial in this case
whether or not appellee prior to the death of her husband
had a vested interest in the certificate or the fund, and that
the authorities cited by appellant upon that point have no
application here.    The assured was not deprived of his
good standing by his act of suicide.    When he died appel-
lee had a vested right under the certificate, and might
bring suit if payment was refused.

The demurrer was also properly sustained to the second
plea.    The notice set up in the plea of the assessment was,
under the by-laws and regulations of appellant, properly
given by the publication in the Select Knights News, with-
out any copy thereof being sent to the assured; but, until
the expiration of the time allowed for the payment of the
assessment by the by-laws, he was not in arrears.    By sec-

tion 4 of art. 6 a member cannot be suspended from the rights and privileges of the beneficiary department until he has been in arrears more than twenty-eight days. This, according to the facts set out in the plea, would carry the assured on to about April 26, 1901, or fourteen days after his death. The assured was therefore in good standing at the time of his death.

Finding no error in the record the judgment is affirmed.

*Affirmed.*