## Hugh Collins, Executor, v. Metropolitan Life Insurance Company.

### Gen. No. 13,016.

1. INSURANCE—*what risk not included within life policy.* The execution of the insured upon conviction of murder is not one of the risks covered by a life insurance policy.

2. INSURANCE—*when incontestable clause does not preclude defense to life policy.* An incontestable clause does not shut out a

defense which consists in showing that the insured was executed upon a conviction of murder.

Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. LINUS C. RUTH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed April 12, 1907.

**Statement by the Court.**  In this suit appellant seeks to recover on a policy of insurance issued by appellee on the life of Robert Kilpatrick for $500 payable to his legal representatives.  The policy provided that in case the insured should within one year from the date of the policy die by his own hand, sane or insane, the company should not be liable to pay a greater sum than the premiums or payments which it had received, and that after two years the policy should be incontestable, except for non-payment of premiums or fraud.  The deceased paid the premiums as they became due to the time of his death.  Upon the 9th of June, 1902, the insured was indicted in Delaware county, Pennsylvania, for murder, was subsequently tried and convicted and August 25, 1903, he was executed by hanging.  After his conviction the insurance company, with full knowledge of the facts, received four quarterly payments of premium on the policy in controversy.

The defendant company pleaded to the plaintiff's declaration, setting up first, the facts as to the conviction and execution of the insured for the crime of murder; and second as a bar to plaintiff's recovery, a former adjudication in a proceeding brought by plaintiff at the December term of the Court of Common Pleas of Philadelphia upon the same policy of insurance and for the same amount, wherein the defendant set up the indictment, trial, conviction and execution of Kilpatrick by hanging, on the charge of murder as a defense, and in which proceeding it was, May 23, 1904, adjudged and decided by that court that on the ground of public policy the law forbade a recovery upon this policy; that from this adjudication the plaintiff appealed to the Superior Court of Pennsylvania, which court decided that the facts set up by defendant constituted a good defense to

the suit, that the Court of Common Pleas had properly discharged the rule for judgment and dismissed the appeal without prejudice. The plea also contains averments showing jurisdiction of the said Pennsylvania courts over the subject-matter and the parties.

The plaintiff demurred to these pleas. The Circuit Court overruled the demurrer and the plaintiff electing to stand by the demurrer, gave judgment against the plaintiff for costs, from which judgment this appeal is prosecuted.

PATTISON & SHAW, for appellant; WILLIAM H. HOLLY, of counsel.

HOYNE, O'CONNOR & HOYNE, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellant that the liability of an insurer is not avoided on grounds of public policy by the fact that the insured takes his own life, is executed on conviction for crime or killed while in the commission of a felony; that even though under an ordinary policy of insurance the insurer might not be liable under such circumstances, it is otherwise where the policy is by its terms incontestable at the time of the death of the insured; and that the plea of former adjudication is insufficient since the judgment of the Pennsylvania court therein set out was not a final judgment and hence not a bar to the action.

It is urged that appellee's contention that it is contrary to sound public policy to permit recovery on a policy of life insurance where the insured is executed upon conviction of crime is not tenable. It is conceded that there are cases which sustain the contention in other jurisdictions (Amicable Society v. Bolland, 4 Bligh's New Rep., 194; Burt v. Union Central Life Insurance Co., 187 U. S., 362; Hatch v. Mutual Life Ins. Co., 120 Mass., 550), yet that there are opinions to the contrary in other jurisdictions, and the question has never been determined by the Supreme

Court of this State.  Upon principle it is urged, citing Greenhood on Public Policy (p. 1), that any contract by a competent party upon valuable consideration is valid which does not come within the prohibition of the rule, that if such contract is opposed to the public policy of the State, conflicts with the interests or prevailing sentiment of the people, or is repugnant to the morals of the time, it is void; that it is only where a third person may be wronged or the public prejudiced that such a contract may not be enforced.  It is urged that in the present case there is nothing prejudicial to the public or opposed to the policy of the State or repugnant to public morals in the enforcement of the policy in controversy for the benefit of the beneficiaries of the deceased, because of the fact that he was executed upon conviction of crime.  No reason exists, it is said, for visiting the crimes of the father upon the innocent children, and it is argued that the theory is not tenable that a person tempted to commit crime might be powerfully restrained by the knowledge that those dependent on him would suffer as the result of his crime and be deprived of the means he has provided for their support; that even courts which hold that recovery cannot be had where the policy is payable to the personal representatives of the deceased murderer permit the action to be maintained upon a policy made payable to a wife, child or creditors named as beneficiaries.  In support of these general views appellant's counsel cites McDonald v. Triple Alliance, 57 Mo. App., 87; Lord v. Dall, 12 Mass., 115.

The distinction has been recognized in this State between cases where the policy is not payable to the assured or his personal representatives, and cases where the policy is so payable.  In the latter case it has been held that the policy may be avoided, where if payable to the wife or others specifically named it might be enforced.  Sup. Lodge of K. of P. v. Kutscher, 72 Ill. App., 462–474; Grand Legion of Ill. v. Beaty, 117 Ill. App., 657.  In the case before us the plaintiff claims as the personal representative.

It is contended in behalf of appellee that the execution of the insured for a crime is a good defense to the suit, and

that the policy is void on the ground not only of public policy but because the crime, or rather the death of the insured as a consequence of his own crime, is not one of the risks covered by the policy. It was said by the Pennsylvania Superior Court on appeal in this case from the ruling of the Common Pleas Court of Philadelphia (Collins, Admr., v. Metropolitan Life Ins. Co., 27 Pa. Superior, 353) and the rights of no other parties being involved, that had the policy expressly insured against the risk of execution for crime, it would have been a contract which could not be sustained, and which would have been held void upon principles of public policy; that such a contract of insurance would remove one of the restraints which operate to prevent men from committing crime. It is, we think, apparent that if such contracts should be held valid, a man bent upon committing a capital crime or one engaged in such offenses as burglary in which he would be liable to commit murder, could by taking out such a policy relieve himself from a restraint which is perhaps the most powerful that many men feel, the protection of those dependent upon them from pecuniary need. It was held in the case referred to that an ordinary policy of life insurance with no special provisions applicable is not to be construed as insuring against such a risk, and that public policy forbids the enforcement of a contract under circumstances which cannot be lawfully stipulated for. In Knights of Honor v. Menkhausen, 209 Ill., 277, it was said: "We are of opinion that the maxim cited applies to the case at bar that contracts must be made and interpreted in the light of public policy and that it is contrary to a good order of society and an encouragement to crime to allow a beneficiary who murders the assured to receive the benefits of insurance. * * * The public has an interest in such matters over and beyond individuals or societies involved. The court is not bound to enforce or hold valid any contract which offends public morals, violates the law or contravenes public policy." In Burt v. Union Ins. Co., 187 U. S., 362–365, it was held that the crime of the insured is not one of the risks covered by a contract of

insurance. It is there said: "The fair and just interpretation of a contract of life insurance made with the assured is that the risk is death proceeding from other causes than the voluntary act of the assured producing or intending to produce it, * * * and it is not intended that without the hazard of loss the assured may safely commit crime."

There is in the case before us an incontestable clause in the policy sued upon. But if it be true, as we think it must be held in view of the weight of authority, that the execution of the insured upon conviction of murder is not one of the risks covered by the policy, then the incontestable clause should not be regarded as applicable to a risk of such character not insured against under the policy. The effect to be given such a clause in a case like the present, execution for the crime of murder, may reasonably differ, we think, from that given it in a case where the assured takes his own life. In the latter case, the self-destruction has sometimes been regarded as not precluding recovery in view of an incontestable clause, and there are cases where death as the result of the criminal act of the insured has not precluded recovery under a policy having an incontestable clause, on the ground that the clause was an agreement not that the insurer would pay the amount of the policy, if the insured committed suicide or lost his life by his own criminal action, but an agreement that no defense would be made to the policy after a certain time had elapsed. See Sun L. I. Co. v. Taylor, 56 S. W. (Ky.) 668. We are of opinion, however, that if in accordance with what we regard as the weight of authority, public policy forbids recovery by the personal representatives of an insured executed for murder, the same public policy would forbid recovery under an incontestable clause of the same contract.

The subject is not free from difficulty, but we are of opinion after careful consideration that as the law now stands, the plaintiff is not entitled to recover, and the judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*